UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW BRIAN BRAAT,

        Plaintiff,

                                     File No. 1:15-CV-483

v.

                                     HON. ROBERT HOLMES BELL

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

## **O P I N I O N**

    This is a mortgage foreclosure case. The matter is before the Court on Defendant Wells Fargo Bank's motion to dismiss Plaintiff's complaint or, in the alternative, motion for summary judgment. (ECF No. 5.) Plaintiff filed a response (ECF No. 17), to which Defendant filed a reply (ECF No. 19). For the reasons that follow, Defendant's motion is granted in part and denied in part.

## **I.**

    This matter involves the property located at 10225 W. Parmalee Road, Middleville, Michigan, 49333. On about July 6, 2012, Plaintiff obtained a mortgage loan on the property from First Place Bank, which was recorded on July 16, 2012, at the Barry County Register of Deeds. Shortly thereafter, the mortgage was assigned to Defendant Wells Fargo Bank, N.A. Plaintiff defaulted on the loan in September 2013.

    On January 28, 2014, Plaintiff obtained the services of Home Legal Group, PLLC, to

assist him in requesting a loan modification from Defendant. Plaintiff alleges that he submitted the required paperwork and participated in financial interviews, yet he did not receive a definitive response whether he qualified for a loan modification. (Compl. ¶ 12). Defendant foreclosed on the property and sold it at a Sheriff's Sale on October 30, 2014.

Plaintiff contends that he was eligible for a loan repayment agreement and forbearance plan under federal law, but Defendant failed to properly evaluate his applications. (Compl. ¶ 13). Thus, he filed this action on April 25, 2015, in Barry County Circuit Court. Defendant removed the case to federal court on May 7, 2015.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. A Rule 12(b)(6) motion to dismiss requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but the Court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

Under Rule 12(b)(6), the Court may consider the complaint, "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein."*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.

Plaintiff's complaint raises five claims: (1) violations of federal regulations issued pursuant to the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(f); (2) common law negligence; (3) wrongful foreclosure; (4) breach of contract; and (5) fraudulent misrepresentation. Defendant moves to dismiss all five claims.

**A. RESPA**

Defendant asserts that Plaintiff is not entitled to protections under RESPA because Plaintiff failed to provide a complete loss mitigation application as required (Def.'s Reply Br. at 3), and that Plaintiff failed to sufficiently plead a RESPA violation because he did not allege actual damages. (Def.'s Br. at 8-9).

**1. Loss Mitigation Application**

Plaintiff alleges that he provided numerous "complete loan modification package[s]," but that Defendant "repeatedly requested updated modification documents." (Compl. ¶ 23). Defendant does not dispute this point in its initial response to the complaint.[1] Rather, Defendant waited until his reply brief to attach a Modification Denial Letter it sent to Plaintiff on August 28, 2014, as evidence that Plaintiff never provided a complete loss mitigation application as required under 12 CFR § 1024.41(g). (Modification Denial Letter, ECF No. 19, Ex. 1). Accordingly, Defendant's argument that Plaintiff is not entitled to protections under RESPA because Plaintiff failed to provide a complete loss mitigation application is not properly before the Court. *See Wachovia Bank, N.A. v. Vorce*, 2007 WL 3471229, at *4 (W.D. Mich Nov. 13, 2007) ("The function of a reply brief is to respond to new matter raised by the opponent, not to inject completely new claims for relief into the case. If the court were to entertain [the defendant's] request, it would effectively deprive the

---

[1]Defendant's initial motion to dismiss Plaintiff's RESPA claim is premised on the allegation that Plaintiff "fails to allege, or show, as required under RESPA, actual damages and/or a pattern or practice of noncompliance." (Def.'s Br. at 1).

other parties of an opportunity to respond.") (citing *Jones v. Reynolds*, 438 F.3d 685, 695 (6th Cir. 2006); *Rush v. Illinois Cent. R.R. Co.*, 399 F.3d 705, 727 n.19 (6th Cir. 2005)).

### 2. Damages

Defendant is correct that Plaintiff cannot seek equitable relief under RESPA, but Plaintiff has properly alleged actual damages, including arrearage resulting from Defendant's actions and costs and attorney fees. (Compl. ¶ 29). *See Billings v. Seterus*, 2015 WL 1885627 (W.D. Mich. Apr. 24, 2015) (finding the plaintiff's allegation of "monetary damages in the amount he owes in arrears and costs and attorney fees" sufficient to survive a motion to dismiss). Accordingly, Plaintiff has submitted sufficient evidence to survive Defendant's motion to dismiss this claim.

### B. Negligence

Plaintiff alleges that Defendant's actions while reviewing Plaintiff's request for a loan modification amount to negligence. Specifically, Plaintiff alleges that Defendant had a duty to exercise reasonable care when evaluating Plaintiff for a loan modification as required by the Home Affordable Mortgage Program (HAMP) guidelines. (Compl. ¶ 32; Pl.'s Resp. at 16). Defendant argues that it had no independent duty to evaluate the loan modification request, and that Plaintiff's negligence claim necessarily fails as a result. (Def.'s Br. at 10-11). The Court agrees.

A valid negligence claim requires a plaintiff to show "(1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach

of the duty caused the plaintiff injuries, and (4) that the plaintiff suffered damages." *Lelito v. Monroe*, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006). To determine whether a legal duty arises out of a contract, Michigan courts examine whether the "duty arises separately and distinctly from the contractual agreement[.]" *Loweke v. Ann Arbor Ceiling & Partition Co., LLC*, 809 N.W.2d 553, 560 (Mich. 2011). While a failure "to comply with HAMP regulations may provide evidence of negligent conduct under Michigan law, [a plaintiff] must still show that the HAMP regulations impose on servicers a duty of care owed to borrowers." *Campbell v. Nationstar Mortg.*, 2015 WL 2084023, at *9 (6th Cir. May 6, 2015). As the Sixth Circuit recently noted, "Michigan courts have not recognized that such a duty exists under HAMP." *Id.* Accordingly, Plaintiff's negligence claim is dismissed.

## C. Wrongful Foreclosure

Defendant argues that Plaintiff lost standing to bring his claims for wrongful foreclosure by failing to redeem the property before the statutory redemption period expired on April 30, 2015. (Def.'s Br. at 5-6.) The Court agrees. Under Michigan law, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all of the mortgagor's rights in and to the property are extinguished." *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014) (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514 (Mich. 1942)). *See* Mich. Comp. Laws § 600.3286. Plaintiff's citation to *Manufacturers Hanover Mortgage Corporation v. Snell*, 370 N.W.2d 401 (Mich. Ct. App. 1985), for a contrary position is unavailing. While the case supports the proposition that a mortgagor may

6

challenge the validity of the foreclosure sale, it does not recognize any sort of "mortgage servicing defense." *Id.* at 404. Absent a "clear showing of fraud, or irregularity" in the foreclosure proceedings, Plaintiff has no standing to challenge the sale. *Bryan*, 848 N.W.2d at 485 (citations omitted); *See also Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359–60 (6th Cir. 2013).

Defendant has offered evidence that it properly calculated the amount due on the date of the notice of foreclosure, posted notice of the foreclosure sale on the property, and published notice of the foreclosure sale in the newspaper. Plaintiff has not refuted that evidence or offered specific facts to support his claim of a wrongful foreclosure. Therefore, Plaintiff's claim for wrongful foreclosure must be dismissed. Plaintiff's claims of fraud and/or misrepresentation in the negotiation of a loan modification are an insufficient basis to establish standing to challenge an executed foreclosure. *Conlin*, 714 F.3d at 360 ("It is further clear that not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure proceeding itself.") (internal quotation marks and citations omitted).

**D. Breach of Contract**

Plaintiff argues that the note and mortgage between Plaintiff and Defendant created a binding contract. (Compl.  ¶ 42). Therefore, Plaintiff asserts, Defendant breached the implied covenant of good faith and fair dealing imposed in every contract by "[m]isleading Plaintiff about extensions of time for an approval or denial of Plaintiff's complete request for mortgage assistance" and "[d]isingenuously negotiating loss mitigation assistance." (*Id.* at ¶ 44).

"Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. Of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006) (citing *Belle Isle Grill Corp v. Detroit*, 666 N.W.2d 271, 279 (Mich. Ct. App. 2003)). Plaintiff argues that an exception to this rule, which arises "when the parties have agreed to defer decision on a particular term of the contract," *Stephenson v. Allstate Insurance Co.*, 328 F.3d 822, 826 (6th Cir. 2003), applies because the loan modification application is a matter left to Defendant's discretion. Plaintiff is mistaken. *See Deming-Anderson v. PNC Mortg.*, 2015 WL 4724805, at *6 (E.D. Mich. Aug. 10, 2015) ("Loan modification does not fall within this exception."); *Cheesewright v. Bank of Am., N.A.*, 2013 WL 639135, at *4-5 (E.D. Mich., Feb. 21, 2013) (noting that the implied duty of good faith and fair dealing does not apply where the parties have expressed their respective rights in a mortgage and note). Accordingly, Plaintiff's claim for breach of contract is dismissed.

**E. Fraudulent Misrepresentation**

Defendant moves to dismiss Plaintiff's claim alleging fraudulent misrepresentation on the grounds that: (1) Plaintiff's fraud claim is not pled with particularity; (2) the alleged promise of a loan modification is one of future conduct that is not fraudulent; (3) any fraud claim is barred by the Mortgage; (4) the fraud claims fall under the statute of frauds; and (5) Plaintiff cannot show reasonable reliance.

Federal Rule of Civil Procedure 9(b) provides that in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to

identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. V. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012).

> Under Michigan law, the elements of fraudulent misrepresentation are:
>
> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)).

Here, Plaintiff specifies several allegedly fraudulent statements made by Defendant. For example, Plaintiff asserts that Defendant falsely stated that no foreclosure would take place during negotiation and completion of the proposed evaluation of Plaintiff's request for mortgage assistance and that Defendant sent misleading documentation to Plaintiff as to when and if foreclosure was to happen. (Compl. ¶ 46). Plaintiff further states that Defendant knew that the representations were false when made, that the representations were intended to prevent Plaintiff from defending the foreclosure, that Plaintiff acted in reliance on the representations when he did not challenge the foreclosure, and that Plaintiff thereby suffered injury. (Compl. ¶¶ 47-50). Plaintiff does not, however, identify the speaker, when the statements were made, or where the statements were made. Accordingly, Plaintiff's claim of fraudulent misrepresentation is dismissed.

The Court would dismiss these fraud claims even if they were pleaded with

particularity. To the extent Plaintiff contends that Defendant breached oral promises made to her, those alleged oral promises cannot be considered by the Court because they are not in writing. The Michigan Statute of Frauds provides that an action shall not be brought against a financial institution to enforce a promise or commitment to waive a provision of a loan or make any other financial accommodation "unless the promise or commitment is in writing and signed." Mich. Comp. Laws § 566.132(2). The statute creates an "unqualified and broad ban" of any claim, "no matter its label," against a financial institution to enforce the terms of an oral promise waiving a loan provision. *Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000).

## IV.

For the reasons stated above, the Court will grant in part and deny in part Defendant's motion to dismiss. The Court denies Defendant's motion as to Plaintiff's claims for RESPA violations (Count I of Complaint), and grants the motion as to the remaining claims. Plaintiff's claims for negligence (Count II), breach of Michigan's foreclosure statute (Count III), breach of contract (Count IV), and fraudulent misrepresentation (Count V) are dismissed.

An Order will enter in accordance with this Opinion.


Dated: September 8, 2015                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE